# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **AUDREY DEPEIZA, as Proposed Representative of the Estate of ANDREW DEPEIZA, Deceased, and CHRISTINA MONIQUE CARTER-HARPER, as Next of Kin of AUBREY DREW CARTER, a minor and Surviving Son of ANDREW DEPEIZA, Deceased, Individually,** | ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION FILE NO.:** |
| **vs.** | ) ) | |
| **THE CITY OF EAST POINT, GEORGIA, OFFICER JANET JACKSON, in her individual and official capacity, and OFFICER JOHN DOE, in his individual and official capacity,** | ) ) ) ) ) ) ) | |
| **Defendant.** | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, PLAINTIFFS, AUDREY DEPEIZA, as Proposed Representative of the Estate of ANDREW DEPEIZA, Deceased, and CHRISTINA MONIQUE CARTER-HARPER, as Next of Kin of AUBREY DREW CARTER, a minor and Surviving Son of ANDREW DEPEIZA, Deceased, Individually, by and

through undersigned counsel, and brings this action against THE CITY OF EAST POINT, GEORGIA, OFFICER JANET JACKSON, in her individual and official capacity, and OFFICER JOHN DOE, in his individual and official capacity, and allege as follows:

## INTRODUCTION

1.

This is a civil action asserting claims under Federal law arising from the unreasonable and excessive force used against ANDREW DEPEIZA, deceased. PLAINTIFFS also assert pendant state law claims. PLAINTIFFS demand a jury trial and seek an award of economic, compensatory and punitive damages, as well as award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

2.

This civil action seeks damages against Defendants for committing acts under color of law, and depriving ANDREW DEPEIZA, deceased of rights secured by the Constitution and laws of the United States, and the State of Georgia.

3.

Through this action, PLAINTIFFS contend that Defendants are guilty of certain acts and/or omissions, created, maintained, and/or engaged in policies, procedures, practices and/or customs which have contravened and violated the rights

2

guaranteed to ANDREW DEPEIZA, deceased under the Fourth and Fourteenth Amendments to the United States Constitution, as well as various provisions of Georgia law.

## PARTIES, VENUE AND JURISDICTION

4.

The Court has jurisdiction over all causes of action set forth in this Complaint based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4), to obtain redress for deprivation of rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.  Plaintiff invokes the supplemental jurisdiction of this Court for the state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367 and other applicable law.

5.

Venue is proper pursuant to 28 U.S.C. § 1391, in that events or occurrences giving rise to PLAINTIFFS' claims set forth in this Complaint occurred within this District and Division, and because at least one Defendant resides in this District and Division.

6.

PLAINITFF has provided timely ante litem notice to Defendant THE
EAST POINT POLICE DEPARTMENT. (See Ante Litem Notice attached hereto
as Exhibit "A").

## PARTIES

7.

PLAINTIFF, AUDREY DEPEIZA is a citizen of the State of Georgia.  She is the
surviving mother of ANDREW DEPEIZA, deceased and the proposed Representative
of the Estate of ANDREW DEPEIZA, deceased.

8.

AUBREY DREW CARTER is a resident of the State of Georgia.  He is a
minor child and surviving heir of ANDREW DEPEIZA.  MONIQUE CARTER-
HARPER, is the mother and natural guardian of AUBREY DREW CARTER and
his next of kin, an she is authorized to assert the claims herein on his behalf.

9.

Defendant THE CITY OF EAST POINT ("the City"), is a duly organized
and existing governmental entity under the laws of the State of Georgia with the
capacity to sue and be sued, and which operates the East Point Police Department
that employs and/or employed OFFICER JANET JACKSON and OFFICER JOHN

DOE.  The City is a municipal governmental entity located in this District and Division.  The City's policies, practices, and customs were a moving force in the Constitutional violations described in this Complaint.    The City may be served with process by service upon Mayor, Deana Holiday Ingraham, at 2777 East Point Street, East Point, Fulton County, Georgia 30344.

10.

Defendant OFFICER JANET JACKSON was a police officer for the East Point Police Department on duty at the time of the incidents complained of herein and was the officer used unreasonable and excessive (and deadly) force on ANDREW DEPEIZA in violation of, and with deliberate indifference to, his state and federal civil and constitutional rights.   At all times mentioned herein, Defendant OFFICEFR JANET JACKSON was acting under color of law, to wit, under the statutes, ordinances, regulations, policies, customs and usages of the State of Georgia, and the East Point Police Department and within the scope of her employment.  Defendant OFFICER JANET JACKSON is sued in her individual and official capacities.  Defendant OFFICER JACKSON, can be served at her place of employment, the East Point Police Department, located at 2727 Ease Point Street, East Point, Georgia 30344, or wherever she may be found.

11.

Defendant OFFICER JOHN DOE was a police officer for the East Point Police Department on duty at the time of the incidents complained of herein and was the officer used unreasonable and excessive and deadly force on ANDREW DEPEIZA in violation of, and with deliberate indifference to, his state and federal civil and constitutional rights.    At all times mentioned herein, Defendant OFFICEFR JOHN DOE was acting under color of law, to wit, under the statutes, ordinances, regulations, policies, customs and usages of the State of Georgia, and the East Point Police Department and within the scope of his employment. Defendant OFFICER JOHN DOE is sued in his individual and official capacities. Defendant OFFICER JOHN DOE's name has not been released as the investigation of this event is still open with the Georgia Bureau of Investigation, but his name will be added here by amendment when ascertained through discovery.

## **STATEMENT OF FACTS**

12.

On November 11, 2016, Officers, JANET JACKSON and JOHN DOE of the East Point Police Department responded to a call about a suspicious person located at the Legends at Laura Creek Apartments, located at 3200 Lakeview

Place, Atlanta, Georgia 30337.

13.

Officers were not given a clear description of the suspicious person.

14.

Upon seeing a black male, Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE began aggressively approaching an individual, now known to be ANDREW DEPEIZA.

15.

ANDREW DEPEIZA had no legal duty to speak with Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE.

16.

For no lawful reason, Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE detained ANDREW DEPEIZA, and immediately after doing so, OFFICER JANET JACKON, with the assistance of OFFICER JOHN DOE, tasered him.  Thereafter, Defendant JANET JACKSON fired her duty weapon at ANDREW DEPEIZA striking him twice.

17.

As a result of Defendant JANET JACKSON and Defendant JOHN DOE'S malicious conduct, ANDREW DEPEIZA sustained two gunshot injuries, one to this abdomen and the other to his left upper thigh, resulting in    ANDREW DEPEIZA'S fatal injury.

18.

Based upon the facts that were known, or that should have been known to an objectively reasonable officer under the same circumstances, DEFENDANTS had no articulable suspicion to warrant detention and interrogation of ANDREW DEPEIZA.

19.

Based upon the facts that were known, or that should have been known to an objectively reasonable officer under the same circumstances, DEFENDANTS had no facts to support probable cause to believe that ANDREW DEPEIZA posed an immediate threat of physical violence to himself, the officers or any other person.

**DEFENDANTS ARE "PERSONS" FOR PURPOSES OF 42 U.S.C. § 1983**

20.

PLAINTIFFS re-allege and reaffirm the allegations of Paragraphs Nos. 1 through 19 and would further state as follows:

21.

Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE are natural persons, and therefore, are persons for purposes of this action pursuant to 42 U.S.C. § 1983.

22.

Defendant the CITY is a local government unit. The CITY is not an agency, department or arm of the State of Georgia. Therefore, the CITY is a "person" for purposes of 42 U.S.C. § 1983.

## PLAINTIFFS' CLAIMS, RIGHTS AND CAUSES OF ACTION

23.

PLAINTIFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint in each of the Counts, whether specifically stated or not. It is PLAINTIFFS' intent that all factual allegations contained in this Complaint, including the exhibits specifically incorporated in the Complaint by reference, are applicable to each of PLAINTIFFS' claims, rights and causes of action in order to provide contextual specificity.

24.

PLAINTIFFS assert claims, rights and causes of action arising from violations and deprivations of his rights under the United States Constitution, including the Fourth and Fourteenth Amendments, which are enforceable under 42 U.S.C. § 1983 and 1988.  PLAINTIFFS seek compensatory damages, punitive damages (against the Defendants sued in their individual capacities), attorney fees (under 42 U.S.C. § 1988) and all taxable costs.  PLAINTIFFS also assert claims, rights and causes of action under Georgia state law for violation of the Georgia Constitution.

## COUNT 1

### 42 U.S.C. § 1983 – General Statement Regarding Claims Applicable to All Defendants

25.

PLAINITFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

26.

PLAINTIFFS bring this action under 42 U.S.C. § 1983.

27.

While 42 U.S.C. § 1983 is not itself a source of substantive rights, it does provide a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386 (1989).

28.

Here, PLAINTIFFS seek vindication of certain rights conferred upon ANDREW DEPEIZA under the Fourth and Fourteenth Amendments to the United States Constitution including the rights to be free from unreasonable seizure and excessive (and deadly) force that DEFENDANTS violated on November 11, 2016.

29.

PLAINTIFFS bring these against Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE in their individual and official capacities. PLAINTIFFS also bring these claims against the CITY for municipal/county liability under *Monell v. Dept. of Soc. Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) for improper screening of Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE's background and ongoing performance, for the appointment/hiring/retention of Defendant BROWN, for failing to properly train and supervise Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE regarding the constitutional limitations of the

use of deadly force, for the improper retention of Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE, for the failure to promulgate and operationalize a constitutionally-compliant use of deadly force policy, among other claims described herein including the deliberate indifference to the protection of PLAINTIFFS' constitutional rights.   ANDREW DEPEIZA injuries, death and damages were the result of official policy, custom, or practice of these DEFENDANTS, the act of an official policy maker attributable to these DEFENDANTS, and/or the direct result of deliberate indifference attributable to these DEFENDANTS.

## COUNT II

### 42 U.S.C. §§ 1988 – Claim for Attorney Fees – Applicable to All Defendants

30.

PLAINITFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

31.

PLAINTIFFS bring this action under 42 U.S.C. § 1988 which provides for an award of attorney's fees to prevailing plaintiffs in actions under 42 U.S.C. § 1983. PLAINTIFFS submit that an award of attorney fees would not be unjust and,

therefore, PLAINTIFFS seek an award of attorney fees for which DEFENDANTS are liable.

32.

PLAINTIFFS have had to retain counsel to prosecute these claims, rights and causes of action against these DEFENDANTS, and therefore, PLAINTIFFS and their counsel are entitled to an award of attorney's fees.

## COUNT III

## PLAINTIFFS Seek Damages for Violation of 42 U.S.C. § 1983- Applicable to All Defendants

33.

PLAINITFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

34.

PLAINTIFFS suffered damages caused by DEFENDANTS' violations of 42 U.S.C. § 1983, and the deprivation of ANDREW DEPEIZA'S constitutionally-protected rights.  The damages include compensatory damages, both general and special.

13

35.

PLAINTIFFS' actual and compensatory damages including damages for the full value of the life of ANDREW DEPEIZA'S life and for his physical, mental, and emotional pain and suffering, apprehension of fear, loss of enjoyment of life, medical bills, and funeral expenses, and all other claims that survive his death, in an amount to be determined by the enlightened conscience of an impartial jury.

36.

PLAINTIFFS are also entitled to recover attorney fees under 42 U.S.C. § 1988, as well as all taxable costs.

37.

The Defendants sued in their individual capacity, including Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE, are liable for punitive damages.

## COUNT IV
## FOURTH AMENDMENT 42 U.S.C. § 1983
## (FALSE DETENTION)

38.

PLAINITFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

39.

At all times relevant to this action, the individual DEFENDANTS were acting under color of state law and within the scope of their employment as officers for the City of East Point.

40.

Based upon their prior experience, knowledge and training as law enforcement officers, the individual DEFENDANTS knew that no arguable probable cause, much less probable cause, existed to detain ANDREW DEPEIZA on November 11, 2016.

41.

Under the facts and circumstances alleged herein, an objectively reasonable law enforcement officer in the individual DEFENDANTS' position would have known that no arguable probable cause existed to support the interrogation,

15

detention or tasering of ANDREW DEPEIZA.

42.

As a direct and proximate cause of the individual DEFENDANTS' unlawful actions, ANDREW DEPEIZA was seized, tasered, detained against his will and fatally shot, and thereby suffered a loss of life and liberty in violation of his rights under the Fourth Amendment to the United States Constitution, entitling him to an award of actual and compensatory damages for the full value of the life of ANDREW DEPEIZA'S life and for his physical, mental, and emotional pain and suffering, apprehension of fear, loss of enjoyment of life, medical bills, and funeral expenses, and all other claims that survive his death, in an amount to be determined by the enlightened conscience of an impartial jury.

43.

The actions of the individual DEFENDANTS described herein were willful, deliberate, and malicious, thereby entitling PLAINTIFFS to an award of punitive damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

## COUNT V
## VIOLATION OF 42 U.S.C. § 1983 (CITY OF EAST POINT)
## POLICY "MOVING FORCE" FOR CONSTITUTIONAL DEPRIVATIONS

44.

PLAINITFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

45.

The City, its officers, its employees and agents, acting within their authority and under color of state law, instituted and followed policies, procedures and/or customs which directly resulted in the unlawful detention (manner and scope), seizure (manner and scope), use of a taser (manner and scope), and use of excessive (and deadly) force against ANDREW DEPEIZA, which led to his wrongful death, which were the moving force causing his injuries and death and is actionable under 42 U.S.C. § 1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

46.

The City has a widespread custom and practice of the following:

a.    Not investigating and disciplining its officers who use unnecessary deadly force on alleged suspects;

17

b.      Not investigating and disciplining its officers who use unnecessary excessive force on alleged suspects;

c.      Not investigating and disciplining its officers who use unnecessary non-deadly force on alleged suspects;

d.      A policy of unreasonable seizures during detention of suspects, including the manner and scope of detention;

e.      A policy of failing to investigate the facts as known to the officers in order to determine if there is probable cause to detain and/or arrest;

f.      A policy of detaining suspects without reasonable suspicion;

g.      A policy of instituting "cover charges" and "false accusations" to insulate The City from liability for improper police use of deadly force; and

h.      A policy of failing to ensure the safety of a detained suspect.


47.

Each of these policies has been the moving force and had the causal effect of violating the Constitution and leading to ANDREW DEPEIZA'S injury and death.

18

48.

Additionally, by failing to discipline DEFENDANTS for their use of excessive force (and deadly) force and commencing a false detention and seizure of ANDREW DEPEIZA, The City has ratified the officers' decisions and their reasons for those decisions, thus constituting a policy, custom and/or practice.

49.

As a direct and proximate result of the willful and deliberate actions and/or inactions of the DEFENDANTS, ANDREW DEPEIZA suffered fatal injuries and died.

50.

The actions and/or inactions alleged above were undertaken or failed to be undertaken because of the DEFENDANTS' willful, wanton, callous, and knowing disregard of the clearly established rights of ANDREW DEPEIZA to be free from an unreasonable detention, and the use of excessive (and deadly) force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT VI
## VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE AND DEADLY FORCE)

51.

PLAINITFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

52.

DEFENDANTS, in their individual capacities, engaged in conduct that deprived ANDREW DEPEIZA of his right to be free from excessive and deadly force and was objectively unreasonable by inflicting unjustified, excessive (and deadly) force, which was the moving force causing his fatal injuries, and is actionable under 42 U.S.C. § 1983 as a violation of the Fourth and Fourteenth Amendments.

53.

As a direct and proximate result of the willful and deliberate actions and/or inactions of DEFENDANTS, ANDREW DEPEIZA suffered, mentally and physically prior to his death, and eventually suffered fatal injuries.

54.

While acting "under color of state law," DEFENDANTS falsely detained ANDREW DEPEIZA, used excessive force in the form of a taser on him, and then used deadly force by inflicting fatal gunshot injuries to his person.

55.

The fatal injuries suffered by ANDREW DEPEIZA were foreseeable.

56.

At the time that Defendant OFFICER JANET JACKSON discharged her duty weapon, she knew or should have known that bullets fired at ANDREW DEPEIZA were certain or reasonably likely to cause death or great bodily harm to those at whom she was shooting as well as those persons in the line of fire.

57.

Force is excessive, and therefore violates the Fourth Amendment of the United States Constitution, if it is not reasonable considering the circumstances facing the officer.  See *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (U.S. 1989).  The facts and circumstances of this case show that Defendant OFFICER JANET JACKSON'S act of shooting ANDREW DEPEIZA was clearly and objectively unreasonable in light of the circumstances facing the officer.

58.

At the time of the shooting, Defendant OFFICER JANET JACKSON and Defendant JOHN DOE were not in imminent danger or risk of death or great bodily harm.

59.

Under the circumstances, Defendant OFFICER JANET JACKSON'S act of shooting her duty weapon at ANDREW DEPEIZA was excessive and violated his Fourth and Fourteenth Amendment rights because the amount of force used was not and could not be considered reasonable by any objectively reasonable police officer in the same or similar circumstances.

60.

At the time Defendant OFFICER JANET JACKSON used excessive (and deadly) force, with the assistance and aid of Defendant OFFICER JOHN DOE, against ANDREW DEPEIZA, he had been unreasonably seized by both officers. There was no warrant for his arrest, and the officers had no evidence indicating that ANDREW DEPEIZA had committed a crime, was committing a crime or was about to commit a crime.  The seizure was unreasonable and a deprivation of ANDREW DEPEIZA'S constitutional rights.

61.

ANDREW DEPEIZA'S constitutional right to be free from unreasonable and excessive force in violation of the Fourth and Fourteenth Amendment and as defined by case law was clearly established at the time of his injury and death.

62.

While acting "under color of state law," DEFENDANTS violated ANDREW DEPEIZA'S constitutional right to be free from unreasonable and excessive force by "maliciously and sadistically" inflicting injury, pain and suffering, as corporal punishment.

63.

This violation of ANDREW DEPEIZA'S constitutional right to be free from unreasonable and excessive (and deadly) force is the sole and proximate cause of his injuries and death.

64.

DEFENDANTS are liable to PLAINTIFFS for all actual and compensatory damages for the full value of the life of ANDREW DEPEIZA'S life and for his physical, mental, and emotional pain and suffering, apprehension of fear, loss of enjoyment of life, medical bills, and funeral expenses, and all other claims that survive his death, in an amount to be determined by the enlightened conscience of

an  impartial jury

65.

The actions of the individual DEFENDANTS described herein were willful, deliberate, and malicious, thereby entitling PLAINTIFFS to an award of punitive damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

## COUNT VII
## NEGLIGENCE AND WRONGFUL DEATH AND ESTATE CLAIMS

66.

PLAINITFFS hereby incorporate all of the foregoing paragraphs and factual allegations of this Complaint, as well as all facts set forth in the remainder of the Complaint, as if fully set forth herein.

67.

DEFENDANTS owed a duty to ANDREW DEPEIZA to not use excessive force in the process of interrogating, detaining and seizing him, including the acts of using a taser on him and fatally shooting him.

68.

The duty was breached by the negligent acts and omissions of The City, its officers, agents, and employees, constituting negligence.

69.

The negligent acts and omissions of The City, its officers, agents and employees, were the direct and proximate cause of ANDREW DEPEIZA'S injuries and death.

70.

AUBREY DREW CARTER is a minor child and surviving son of ANDREW DEPEIZA.  MONIQUE CARTER-HARPER, is the mother and natural guardian of AUBREY DREW CARTER and his next of kin, and she is entitled to bring a claim for the wrongful death of ANDREW DEPEIZA.

71.

AUDREY DEPEIZA is the surviving mother of ANDREW DEPEIZA, deceased proposed Representative of the Estate of ANDREW DEPEIZA, deceased, and in such capacity, asserts claims on behalf of the Estate of ANDREW DEPEIZA.

72.

Defendant OFFICER JANET JACKSON and Defendant OFFICER JOHN DOE intentionally shot ANDREW DEPEIZA at a time when he posed no physical threat to either of them or the community.

73.

The malice and conscious indifference to ANDREW DEPEIZA'S humanity was demonstrated by their willful election not to check on or attempt to render any medical assistance to ANDREW DEPEIZA after he was shot.

74.

This intentional assault and battery proximately caused ANDREW DEPEIZA'S death at the age of 30, and his loss of earnings, as well as physical, mental, and emotional pain and suffering, apprehension of fear, loss of enjoyment of life, medical bills, and funeral and related expenses.

75.

DEFENDANTS are liable to PLAINTIFFS for the full value of the life of ANREW DEPEIZA and for his physical, mental and emotional pain and suffering, apprehension of fear, loss of enjoyment of life, medical bills, and funeral expenses, and all other claims that survive his death, in an amount to be determined by the enlightened conscience of an impartial jury.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray:

(a)     That process issue in this action;

(b)     That PLAINTIFFS be granted a trial by jury on issues so

        triable;

(c)     That judgment be entered in favor of PLAINTIFFS and

        against Defendants in an amount to be determined by the

        enlightened conscience of a fair and impartial jury as will

        fully and adequately compensate PLAINTIFFS for the

        violation of ANDREW DEPEIZA'S constitutional rights,

        personal injuries and pain and suffering;

(d)     That judgment be entered in favor of PLAINTIFFS and

        against the Defendants for the full value of the life of

        ANREW DEPEIZA and for his physical, mental and

        emotional pain and suffering, apprehension of fear, loss of

        enjoyment of life, medical bills, and funeral expenses, and all

        other claims that survive his death, in an amount to be

        determined by the enlightened conscience of an impartial

        jury;

27

(e)     That PLAINTIFFS have and recover a verdict and judgment against Defendants in their official and individual capacities for all compensatory and general damages, and for reasonable attorney fees pursuant to 42 U.S.C. § 1988, and for all such amounts as may be proven before the trier of fact;

(f)     That punitive damages be awarded against the individual Defendants only, in an amount to be determined by the enlightened conscious of the jury to deter them and others from similar misconduct in the future;

(g)     That all costs be taxed against Defendants; and

(h)     That the Court award such other and further relief as the Court deems just and proper.

This 6th day of November, 2018.

/s/ Renee Tucker
RENEE Y. TUCKER
Georgia Bar No.: 454262
HANNAH R. MOORE
Georgia Bar No.: 581504
*Attorney for Plaintiffs*

FORREST B. JOHNSON & ASSOCIATES
1745 Martin Luther King Jr., Drive
Atlanta, Georgia 30314
(404) 758-9111
reneetucker@fbjlaw.com
HannahMoore@fbjlaw.com