# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AUDREY DEPEIZA, as Proposed Representative of the Estate of ANDREW DEPEIZA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICER JANET JACKSON; *et al.*, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 1:18-cv-05117-MHC |

## DECLARATION OF LT. ERIC SEABOLT

1.

My name is Eric Seabolt. I have personal knowledge of the facts set forth in this Declaration and know them to be true and correct. I am over the age of eighteen years old, am suffering no disabilities, and am competent to execute this Declaration.

2.

I am a Lieutenant with the East Point Police Department ("EPPD"). I was also employed by the EPPD on November 11, 2016, at which time I held the rank of Sergeant.

3.

At about 3:15 a.m. on November 11, 2016, EPPD dispatch reported that a 911 call had been received, regarding a suspicious person knocking on residents' doors at the Legends of Laura Creek Apartments. I responded to the scene. Officer Janet Jackson was the first on scene. Officer Cornell Johnson was also on scene. All three of us were in full EPPD uniforms and were driving marked EPPD vehicles.

4.

Officer Jackson let us know that the subject's last known location and that she had learned from a resident that he was running.

5.

I was aware that Officer Jackson had responded to a call earlier that night from the same location. At that time, the caller had reported being assaulted by a man wearing dark pants and a red or burgundy sweater. The suspicious person that

was the subject of this call was also said to have been wearing a red sweater. I understood that there was an active warrant out for the subject's arrest.

6.

As I drove through the parking lot, I saw a man standing in the bushes fifty feet in front of me. He was wearing dark pants and a burgundy or maroon shirt.

7.

I alerted Officers Jackson and Johnson and got out of my vehicle to approach the man. I told him to walk towards me, and he said "why" and ran. I attempted to follow, but I lost sight of him.

8.

Shortly thereafter, I heard Jackson and Johnson say that the man was on the second or third floor above them. I did not know what building they were at, so I set out to locate them. I could hear Jackson and Johnson give verbal commands to the man to get on the ground. I heard radio traffic from Johnson that indicated there was a fight going on with the subject.

9.

I found the breezeway for the building where Jackson, Johnson, and the man were located and heard a Taser being deployed. As I made it to the stairs, I heard

two gunshots. I hesitated, not knowing who was doing the shooting. Jackson and Johnson alerted me that it was safe to come up the stairs.

10.

On the landing between the second and third floors of the stairwell, I saw a man lying on the concrete and bleeding from his abdomen, but still breathing. I later learned that this man was Andrew Depeiza. Officer Johnson told me that he had been shot in the foot. I looked and a piece of a projectile was lodged in the toe of his boot.

11.

Officer Jackson was in a daze. A resident brought out a chair for her to sit. I called emergency services, which quickly responded and transported Mr. Depeiza to Grady Hospital.

12.

Pursuant to 28 U.S.C.A. § 1746, by my signature below, I declare, under penalty of perjury, that the foregoing is true and correct.

_____
Lt. Eric Seabolt

01/30/2020
Date